### ARKENBURGH v. ARONSON.

(Supreme Court, Appellate Division, Second Department. December 30, 1910.)

SALES (§ 348*)—ACTION FOR PRICE—DAMAGES·FOR DEFECTIVE CONDITION—EVIDENCE.

Defendant's evidence in an action, as for goods sold and delivered, for the price of mantels for houses being built and afterwards rented by him, does not sustain a counterclaim for $365, or for any sum, by reason of an alleged warping of the mantels; there being no evidence of a loss of rent or depreciation in the value of the houses, but mere testimony that the damage is that the mantels look very bad.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 348.*]

Appeal from Municipal Court of New York.

Action by Oliver M. Arkenburgh against Peter Aronson. From a judgment for defendant for costs, plaintiff appeals. Reversed, and new trial ordered.

Argued before HIRSCHBERG, P. J., and WOODWARD, RICH, JENKS, and CARR, JJ.

Herman B. Goodstein, for appellant.
Herman S. Bachrach, for respondent.

HIRSCHBERG, P. J. It may be assumed that the judgment appealed from dismisses the action on the merits, as provided by section

249 of the Municipal Court act (Laws 1902, c. 580). It cannot be sustained, as the record is without evidence of any kind justifying it. The action is brought on a written contract executed by the defendant, by which he agreed to pay to the plaintiff's assignor the sum of $1,131 for the furnishing and setting up of a number of mantels in certain buildings then in course of construction by the defendant. The complaint alleged due performance of the contract and that the defendant had paid only the sum of $866 on account. The complaint claims that the sum of $365 remained due and unpaid, and, although the difference between the contract price and the amount actually paid is only $265, it appears to have been considered throughout the trial by both parties that the balance concededly remaining unpaid was $365. It appears by the evidence given and the admission of the parties in the briefs that the defendant interposed a verified answer, containing a general denial and also setting up the affirmative defense of breach of warranty as to the quality of the materials furnished and the character of the workmanship; but the answer does not appear in the record. On the trial the parties stipulated that the action should be tried as one for goods sold and delivered; the defendant admitting the delivery of all the materials mentioned in the contract and asserting damages for the breach of an implied warranty as to the character of the mantels and the condition of the workmanship.

The mantels were sold by sample, and no evidence was offered tending to establish that the mantels furnished were not the same as those exhibited. The defendant's claim was that they warped. It appears, however, that the buildings have been rented, and there is no claim that there has been any loss of rent by reason of the condition of the mantels, or that the property itself was depreciated in value thereby. The claim of the defendant was that he was entitled to offset against the plaintiff any sum of money which the plaintiff might otherwise be entitled to recover, without any proof of the amount, and no matter what the amount of the plaintiff's claim might be. The evidence as to the amount of the counterclaim was given by the defendant, and is as follows:

"Q. Tell us how you were damaged. A. The damage is that the mantels look very very bad to-day, and that is how I derive my damage. Q. So, if we had sued for $700, your damage would have been the same? A. Yes, sir."

It is quite obvious that this evidence is insufficient to sustain the counterclaim for damages to the amount of the plaintiff's claim as assumed, namely, $365, or, in fact, in any amount.

The judgment should be reversed.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event.

WOODWARD, RICH, and CARR, JJ., concur. JENKS, J., concurs in result.